GEORGE H. AUSTIN, Executive Director, State Investment Board
There is an inherent disposition elementary to the legislation which creates the duty of notices to public meetings.
This disposition reaches to a basic validity of the public's "right to know" in a free society.
You ask my opinion on the notice of Investment Board meetings required by sec. 66.77 (2) (e), Stats., as created by ch. 297, Laws of 1973. You indicate that the Board's present practice is to send to the Governor a copy of the meeting agenda whereupon the Governor posts such agenda on a bulletin board in his office for the purpose of informing the press.
Based upon this procedure you ask:
 Is the State of Wisconsin Investment Board giving the public notice by sending a copy of its agenda to the Governor who posts it for the press at a convenient place where the press can see it?
Section 66.77 (2) (e), Stats., as created by ch. 297, Laws of 1973, provides:
 "(e) `Public notice' means statutorily required notice, if any. If no notice is required by statute, it means a communication by the chief presiding officer of a governmental body or his designee, to the public and to the official municipal or city newspaper designated under s. 985.05 or 985.06, or if none exists, then to members of the news media who have filed a written request for such notice, which communication is reasonably likely to apprise members of the public and of the news media of the time, place and subject matter of the meeting *Page 550 
at a time, not less than one hour prior to the commencement of such meeting, which affords them a reasonable opportunity to attend."
You additionally inform me that there is no specific statutorily required notice of Investment Board meetings; consequently, the general language quoted above applies.
"Public notice" as defined in subsection (2) (e), as applicable to the Investment Board, requires communication by the chief presiding officer 1) to the public and, 2) to members of the news media who have filed a written request for such notice. Such communication must be reasonably likely to inform the public and news media of the time, place and subject matter of the meeting "at a time, not less than one hour prior to the commencement of such meeting, which affords them a reasonable opportunity to attend." "Communication" can be verbal, or written (posted notice or newspaper advertisement). You as the "chief presiding officer" or your "designee" must determine in each specific instance what notice would be "reasonably likely to apprise members of the public and of the news media" of the meeting. I call your attention in this regard to an opinion my predecessor issued to Mr. Gerald K. Anderson, District Attorney of Waupaca County, on October 7, 1974, which opinion defines the term "communication" and discusses the methods of providing such "communication" to the public.
It is my opinion that posting of the Board's agenda in the Governor's office is not "reasonably likely to apprise members of the public . . . of the time, place and subject matter of the meeting" in that such office is not frequented by the public on a day-to-day basis. If posting is the method to be used, I suggest that the agenda-notice be placed at positions in the various state buildings more generally frequented by the public.
I am of the further opinion that posting in the Governor's office does not satisfy the requirement of sec. 66.77 (2) (e), Stats., to communicate "to members of the news media who have filed a *Page 551 
written request for such notice." The introductory paragraph of sec. 66.77, Stats., reads in part:
 "66.77 OPEN MEETINGS OF GOVERNMENTAL BODIES. (1) In recognition of the fact that a representative government of the American type is dependent upon an informed electorate, it is declared to be the policy of this state that the public is entitled to the fullest and most complete information regarding the affairs of government as is compatible with the conduct of governmental affairs and the transaction of governmental business. . . ."
This lends support to my view that direct affirmative action must be taken to give notice to members of the news media who have filed a written request for such notice. Posting in Madison is not sufficient to inform members of the news media who are residents in other areas of the state. Once a member of the news media has filed a written request for notice, such notice must be given, either verbally or by written communication, to the requesting member. The method of providing the written communication to the requesting news media member could be by mail or by furnishing copies to the news media at prior designated locations. The guideline to be used in determining the adequacy of the notice being in the words of sec. 66.77 (2) (e), Stats., "which communication is reasonably likely to apprise members . . . of the news media . . . which affords them a reasonable opportunity to attend." You should make every effort to comply with the spirit as well as the letter of the law and err if at all by giving more sufficient notice than required.
VAM:WMS